IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

RODERICK LAVAR JONES, #211 350     *

    Petitioner,     *

    v.     *     CIVIL ACTION NO. 3:03-CV-286-F

JERRY FERRELL, WARDEN, *et al.*,     *

    Respondents.     *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Roderick Jones, filed the instant 28 U.S.C. § 2254 habeas corpus application on January 29, 2003. Petitioner challenges his conviction for first degree robbery entered against him by the Circuit Court for Lee County, Alabama on June 13, 2000. He was sentenced to a forty year term of imprisonment. On October 5, 2000 the Alabama Court of Criminal Appeals granted Petitioner's motion to dismiss his appeal.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Petitioner's conviction became final in October 2000 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

The records before the court reflect that counsel for Petitioner filed a Rule 32 petition with the trial court on October 12, 2001. This petition, however, did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on the pleadings and records before it, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner filed his response on May 12, 2003. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[1] Respondents

---

[1] This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the

2

maintain that Petitioner's habeas petition is time-barred because it was not filed within the one-year "grace period" allowed under applicable case law. Petitioner's conviction became final on October 5, 2000 when the Alabama Court of Criminal Appeals granted his motion to dismiss the appeal. The one-year limitation period contained in section 2244(d)(1)(A) began to run on this date. Thus, Petitioner must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Although Petitioner filed a state post-conviction petition on October 12, 2001, the federal limitation period expired prior to Petitioner filing the present federal habeas petition. S*ee Webster*, 199 F.3d at 1259; *Tinker*, 255 F.3d at 1333, 1335. n.4.

---

conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[2] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on October 12, 2001 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked

---

[2] Petitioner filed his Rule 32 petition in the state court on October 12, 2001 - seven (7) days after § 2244(d)'s one-year period of limitation had expired.

4

to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

In his response to the answer of Respondents, Petitioner argues that his habeas corpus petition should be considered timely because his Rule 32 petition was timely filed under applicable State law. It is immaterial, however, for purposes of calculating the federal limitation period that Petitioner's post-conviction petition was timely filed in State court. As noted, even a properly filed Rule 32 petition must be pending during the one-year period of limitation applicable to federal habeas corpus petitions in order to toll the federal limitations period. Because Petitioner's state post-conviction petition was filed after expiration of the limitation period under § 2244(d), it could not toll the running of that limitation period because there was no period remaining to be tolled. *See Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001). Likewise, Petitioner's contention that he received ineffective assistance of trial and appellate counsel fails to meet either of the exceptions to determining finality of judgment as provided in 28 U.S.C. § 2244(d)(1)(C) and (D).

Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where

"extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 15, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of June, 2005.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE